O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDIE LOUIS DENTON, JR., | ) | CASE NO. CV 13-2288 GAF (RZ) |
| Petitioner, | ) ) ) | ORDER SUMMARILY DISMISSING HABEAS PETITION AS DISGUISED § 2255 MOTION |
| vs. | ) ) | |
| CONRAD GRABER, Warden, | ) ) | |
| Respondent. | ) | |

The Court will dismiss this putative 28 U.S.C. § 2241 habeas petition summarily because the face of the petition indicates that it is an abusive, disguised motion under 28 U.S.C. § 2255. Petitioner asserts challenges to his 2003 federal drug-trafficking conviction that may only be asserted in the sentencing court, the Northern District of Iowa, pursuant to § 2255; in the Eighth Circuit; or in the United States Supreme Court. Petitioner expressly states that he has unsuccessfully appealed and unsuccessfully sought § 2255 relief. His current resort to challenging the same 2003 conviction here, having labeled his challenge as a putative § 2241 petition, is obviously improper.

///

///

///

///

## I.
## BACKGROUND

Petitioner Eddie Louis Denton, Jr. is a federal prisoner housed at Terminal Island, in this judicial district. In February 2003, a federal jury in the Northern District of Iowa convicted him of drug trafficking offenses. He successfully moved for a competency exam prior to sentencing, but the trial court ultimately sentenced Petitioner to life imprisonment after finding him competent. *See* Mem. at 2. In February 2005, Petitioner appealed. In March 2005, he moved for § 2255 relief, but the trial court dismissed that motion due to that court's lack of jurisdiction pending appeal. The Eighth Circuit affirmed in January 2006. *United States v. Denton*, 434 F.3d 1104 (8th Cir. 2006); *see* docket in N.D. Iowa case no. CR 02-2030 LRR 5. The appellate court expressly held that Petitioner was indeed competent to stand trial. 434 F.3d at 1112-13.

Petitioner now turns to this Court with a challenge to the underlying competency determination, having re-labeled it as § 2241 habeas petition.

## II.
## DISCUSSION

28 U.S.C. § 2255 generally provides the sole procedural mechanism by which a federal prisoner may test the legality of his detention. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). That section bars courts from entertaining most habeas petitions where "it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief[.]" In light of this rule, the statute on its face appears to bar the present action. Section 2255 itself permits resort to a 28 U.S.C. § 2241 petition when a § 2255 motion is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255. This clause is sometimes referred to as the "escape hatch" to § 2255's exclusivity provision. *Lorentsen*, 223 F.3d at 953.

The escape hatch rarely opens. A § 2255 motion cannot and should not be viewed as "inadequate" merely because the sentencing court has denied relief on the merits.

*Id.* Any contrary ruling would nullify the statute's gatekeeping provisions, and Congress then would have accomplished little in its attempts to limit federal collateral review in passing laws such as the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Triestman v. United States*, 124 F.3d 361, 374-76 (2nd Cir. 1997) (discussing Congressional intent to narrow collateral attacks).

"Along with many of our sister circuits," the Ninth Circuit has explained,

> we have held that a § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim.

*Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (collecting cases).[1]

---

[1] Those courts which have found that a § 2255 motion would be "ineffective" or "inadequate" have done so when, due to unusual circumstances, the absence of any avenue for collateral review would raise serious constitutional questions. An example is the series of cases arising in the wake of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct.501, 133 L.Ed.2d 472 (1995). *See Sustache-Rivera v. United States*, 221 F.3d 8, 16 n.13 (1st Cir. 2000) ("The case law has come from the courts of appeals in the context of determining when the savings clause should apply, mainly in the wake of *Bailey*.").

In *Bailey*, the Supreme Court held that a defendant charged with "using" a firearm in violation of 18 U.S.C. § 924(c) cannot be convicted on that charge unless he actively employed the weapon. 516 U.S. at 150. Prior to *Bailey*, many circuits upheld convictions under 18 U.S.C. § 924(c) upon a showing of something less than "active employment" of the firearm. The Ninth Circuit, for example, affirmed convictions under § 924(c) upon a showing of mere possession. *United States v. Torres-Rodriguez,* 930 F.2d 1375, 1385 (9th Cir. 1991), *abrogated by Bailey, supra*. Following *Bailey*, many prisoners who already had filed unsuccessful, pre-*Bailey* § 2255 motions filed § 2241 petitions seeking to overturn their convictions. A few courts have allowed those prisoners to proceed on their § 2241 petitions on the grounds that these prisoners could not have raised their claims of innocence in an effective fashion at an earlier time, and that serious due process questions would arise if Congress were to close off all avenues of redress in such cases. *See, e.g., Triestman*, *supra*, 1124 F.3d at 379; *In re Hanserd*, 123 F.3d 922, 929-930 (6th Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997); *United States v. Lorentsen*, 106 F.3d 278, 279 (9th Cir. 1997).

(continued...)

Here, the hatch must remain shut. Petitioner had an unobstructed procedural shot at obtaining relief. The mere fact that Petitioner missed that shot, by failing to persuade the trial court and the Eighth Circuit that he was not competent to be tried and sentenced, does not somehow render the prior proceedings "inadequate or ineffective" for purposes of allowing a § 2241 escape hatch petition.

## III.
## CONCLUSION

For the foregoing reasons, the action is DISMISSED without prejudice to Petitioner's pursuit of relief in the Northern District of Iowa, the Eighth Circuit or the Supreme Court.

DATED: April 17, 2013

_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
One such avenue for redress is a motion to correct the sentence under 28 U.S.C. § 2255, solely in the sentencing court. A successive motion under § 2255 may be entertained only based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255. (Claims under *Bailey* cannot form the basis of a successive § 2255 motion because *Bailey* construed a statute, not the Constitution. Therefore, some courts have held, the escape hatch opens, because a serious due process concern would arise if no mechanism exists to adjudicate the claim. *See United States v. Brooks*, 230 F.3d 643, 647-48 (3rd Cir. 2000) (collecting cases).)